UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYSHON D. LAWS,

    Plaintiff,

v.

HON. STEPHEN MCGLYNN,

    Defendant.

Case No. 24-cv-2470-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court after review of the Complaint filed by Tyshon D. Laws against Hon. Stephen McGlynn, a federal district judge appointed under Article III of the U.S. Constitution (Doc. 2). Laws complains that Judge McGlynn was biased and unfair in his judicial decisions, including in his decision to not hold a hearing at Laws's request, when he presided over an employment discrimination and retaliation case Laws brought against Walmart, *Laws v. Walmart Co.*, 3:23-cv-1926-SPM. Laws seeks to have Judge McGlynn reopen her case, transfer it to another judge, and appoint her counsel. She also seeks damages from Judge McGlynn.

**I.      Claims for Money Damages**

To the extent Laws seeks damages from Judge McGlynn, the Court must dismiss those claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), which states, "[T]he court *shall dismiss* the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief" (emphasis added). Judge McGlynn has judicial immunity from Laws's claims for damages in this case.

The doctrine of judicial immunity shields judges from suit and from liability for their judicial actions unless they have acted in the clear absence of jurisdiction. *Mireles v. Waco*, 502

U.S. 9, 11-12 (1991) (*per curiam*); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011); *see Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n. 5 (1993) (*Bivens* actions not distinguished from § 1983 actions for immunity purposes).  It is important that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles*, 502 U.S. at 10.  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. . . ." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  While judicial immunity applies to acts judges take in a judicial capacity, it does not apply to judges in their exercise of a purely ministerial act.  *Mireles*, 502 U.S. at 12; *see Forrester v. White*, 484 U.S. 219, 227-28 (1988).

Everything Laws alleges Judge McGlynn did wrong was an act performed in his official judicial capacity while presiding, within his federal jurisdiction, over Laws's employment discrimination/retaliation case.  Because Laws complains only of judicial acts Judge McGlynn took in a case within his jurisdiction, Judge McGlynn is immune from suit and damages for those acts.

**II.   Claims for Injunctive Relief**

To the extent Laws seeks an order requiring Judge McGlynn to reopen her case, transfer it to another judge, and appoint her counsel, these claims are in the nature of injunctive relief.  Judicial immunity does not extend to suits for prospective injunctive relief.  *Pulliam v. Allen,* 466 U.S. 522, 541-42 (1984).  However, 42 U.S.C. § 1983 bars injunctive claims against judges unless "a declaratory decree was violated or declaratory relief was unavailable."  This restriction applies equally to *Bivens* suits against federal judges.  *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003); *Porter v. Murphy*, No. 2:24-cv-5-GSL-APR, 2024 WL 4363297, at *2 (N.D.

Ind. Oct. 1, 2024). Nothing in Laws's Complaint suggests Judge McGlynn's conduct falls into either category. Laws simply complains that, for improper motives, Judge McGlynn failed to hold a hearing when she requested one and then dismissed her case without a hearing. Therefore, her claims for injunctive relief are frivolous or malicious and fail to state a claim, and they are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii).

Indeed, it is not this Court's place to review final decisions made by other district judges in other civil cases. *See* 28 U.S.C. § 1291(conveying to Courts of Appeals jurisdiction over appeals from final decisions of federal district courts). Laws's only recourse now is to appeal those decisions to the Court of Appeals for the Seventh Circuit, which she has a limited time to do. *See* Fed. R. App. P. 4(a)(1)(A) (generally, notice of appeal must be filed within 30 days after entry of the judgment or order appealed from).

For these reasons, the Court **DISMISSES** this case **with prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly. The Court **ADVISES** Laws that she owes a $405 filing fee for filing this case and **ORDERS** her to pay that fee to the Clerk of Court within 30 days of entry of this order.

**IT IS SO ORDERED.**
**DATED:  November 19, 2024**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**