UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYSHON D. LAWS,<br><br>       Plaintiff,<br><br>   v.<br><br>HON. STEPHEN MCGLYNN,<br><br>       Defendant. | Case No. 24-cv-2470-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Tyshon D. Laws for reconsideration (Doc. 10) of the Court's order and judgment (Docs. 5 & 6) dismissing this case on the grounds of judicial immunity (for monetary relief) and failure to state a claim (for injunctive relief). She raises a host of issues, none of which justify reconsidering the resolution of this case.

Because Laws filed her current motion more than 28 days after judgment was entered on November 20, 2024, the Court construes her motion to be under Federal Rule of Civil Procedure 60(b). *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Gonzalez v. Crosby*, 545 U. S. 524, 535 (2005); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

Laws points to no exceptional circumstances justifying a change in the Court's prior dismissal of this case. Her general assertions that she thought this Court's decision was not fair are not enough. She complains that she was not given a chance to respond, but there was no

need for her to respond to anything because her complaint, on its face, was inadequate. A civil suit against Judge McGlynn simply will not provide her any relief.

She further suggests she did not receive documents mailed by the Court, and indeed, in this case and the case over which Judge McGlynn presided, *Laws v. Wal-Mart*, No. 23-cv-1926-SPM, multiple pieces of mail sent by the Court were returned as undeliverable. However, they were addressed to her at the address she provided to the Court. Any failure to receive the mail is not attributable to any Court mistake.

Finally, she asks where to file a complaint about improper judicial conduct. She may use the procedure set forth in the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351-364, and the Rules for Judicial Conduct and Judicial-Disability Proceedings, available at https://www.uscourts.gov/administration-policies/judicial-conduct-disability. However, these procedures cannot be used to challenge the correctness of a judge's decision in a case. They will not change Judge McGlynn's rulings.

For these reasons, the Court **DENIES** Laws's motion for reconsideration (Doc. 10). The Court reminds her that the $405 filing fee she incurred when she filed this suit is overdue and must be tendered immediately.

**IT IS SO ORDERED.**
**DATED:  October 7, 2025**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**